```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2010
```

PRO SE OFFICE

**KAREN JEANETTE HUURMAN**
133 Mulberry Street #6W1
New York, New York 10013
212-941-0224 (Studio)
karen@kajed.com (Email)
Plaintiff Pro Se

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAREN JEANETTE HUURMAN,<br><br>           Plaintiff,<br><br>vs.<br><br><br>EMRIE BROOKE FOSTER,<br><br>           Defendant. | 07 Civ. 9326 (LBS) (MHD)<br><br>NOTICE OF MOTION FOR RECONSIDERATION OF MEMORANDUM & ORDER GOVERNING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Pursuant to Fed. R. Civ. Proc. 59(e) and Local Civ. R. 6.3) |

To:  Emrie Brooke Foster
     P.O. Box 1227
     Milford, Pennsylvania 18337

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. Proc. 59(e) and Local Civ. R. 6.3, at a time and place to be determined by a scheduling order from the Court, and upon (i) the accompanying "Memorandum of Matters and Controlling Decisions Which Plaintiff Believes the Court Has Overlooked or Misconstrued," signed and dated June 30, 2010, (ii) the accompanying "Memorandum of Law in Support

of Plaintiff's Motion for Reconsideration," signed and dated June 30, 2010, and (iii) the pleadings and other documents filed herein, plaintiff will move this Court, before the Hon. Michael H. Dolinger, U.S. Magistrate Judge, for an order modifying the "Memorandum & Order" dated June 21, 2010, governing disposition of plaintiff's motion for summary judgment, originally marked returnable September 11, 2008.

PLEASE TAKE FUTHER NOTICE that, pursuant to Local Civ. R. 6.3, the time period for the service upon plaintiff by defendant of any answering memorandum is governed by Local Civ. R. 6.1.

PLEASE TAKE FURTHER NOTICE that, pursuant to Local Civ. R. 6.3, no oral argument will be heard on the motion for reconsideration unless the court so directs.

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed at New York, New York on this 30th day of June 2010.

KAREN JEANETTE HUURMAN
Plaintiff Pro Se

**INTRODUCTION**

Pursuant to Fed. R. Civ. Proc. 59(e) and L. Civ. R. 6.3, plaintiff seeks reconsideration of her motion for summary judgment, originally returnable September 11, 2008, that was disposed of by a "Memorandum & Order" of this Court, dated June 21, 2010. Plaintiff's basis for seeking reconsideration is that this Court (i) misconstrued certain matters of pleading, relating to the copyright-protected intellectual property that forms the subject matter of the complaint, and (ii) misapprehended certain purportedly-controlling cases, relating to plaintiff's request for reasonable attorney fees in connection with the motion for summary judgment.

Together and separately, these errors resulted in a partially-erroneous disposition of plaintiff's motion for summary judgment, whereby plaintiff sought substantially all of the relief demanded in the complaint filed on or about October 18, 2007.

**STANDARD OF REVIEW**

Fed. R. Civ. Proc. 59(e) offers a method for supporting reconsideration by a trial court "of matters properly encompassed in a decision on the merits." White v. New Hampshire Department of Employment Security, 455 U.S. 445, 451 (1982).

The Court's Memorandum & Order governing plaintiff's summary judgment motion constitutes a "decision on the merits." Therefore, Rule 59(e) applies to the matters "encompassed" in the Court's June 21, 2010, opinion and judgment.

Pursuant to Rule 59(e), a motion for reconsideration of a judgment is appropriate when a trial court has "misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983) (quoted in Bank of Waunakee v. Rochester Cheese Sales, Inc. 906 F.2d 1185, 1191 (7th Cir. 1990)).

Moreover, reconsideration pursuant to Rule 59(e) is a legitimate means for bringing to this Court's attention, after entry of judgment, manifest legal error that would otherwise subject plaintiff to expensive and time-consuming procedures in having to appeal the judgment in order to correct the error. See Divane v. Krull Electric Co., 194 F.3d 845, 850 (7th Cir. 1999).

In addition, reconsideration of a judgment of this Court is permitted where, as is the case here, the motion for reconsideration has been served and filed within ten days from the entry of the judgment on the docket. See Fed. R. Civ. Proc. 59(e) (setting ten day limitation for filing motion); Local Civ. R. 6.3 (time limitation for serving motion for reconsideration of the type presented here is effectively governed by Fed. R. Civ. Proc. 59).

### REASONS FOR GRANTING THE MOTION

1. Misconstrued Claim Regarding DVD Master

In this case, a key reason for granting the motion for reconsideration is that the Court has mistakenly focused its analysis on the "gravamen" of defendant's 2008 dispute,

with plaintiff, regarding legal rights to ownership and possession of the master copy (the "DVD Master") of a mass-produced educational digital video disc entitled "Learning Chinese and English Together" (the "Chinese DVD"). See Memorandum & Order at 24 (characterizing the "gravamen" of the dispute, between defendant and plaintiff, and to be resolved by the Court, as ownership of the DVD Master).

Defendant has, in fact, contended that she or her new company ("Clever Elephant") own the rights to the DVD Master, and also held to the belief, at around the time the complaint was filed, that she or Clever Elephant were entitled to use certain intellectual property of plaintiff's, embodied in the DVD Master, to make modified versions of the Chinese DVD. See, e.g., Complaint at Ex. E ("Demand for Delivery of DVD Master and Other Property").

However, the view expressed by the Court, to the effect that plaintiff's complaint, read liberally, seeks a declaratory judgment establishing plaintiff as the sole and exclusive copyright owner of the Chinese DVD, see Memorandum & Order at 1 ("sole"), 23 ("exclusive") & 24 ("read liberally"), broadly misconstrues plaintiff's

complaint, and misunderstands the "gravamen" of plaintiff's legal concerns necessitating declaratory relief.

For example, plaintiff has contended nowhere in the body of the complaint, or in her affirmation in support of her motion for summary judgment (plaintiff's "Local Rule 56.1 Statement"), that she is either the owner of the DVD Master, or the holder of any copyright thereto. See generally Complaint; Affirmation of Plaintiff Karen Jeanette Huurman in Support of Her Motion for Summary Judgment on Her Demands for Declaratory and Other Relief, dated August 15, 2008.

Instead, what plaintiff attempted to articulate, in "Claim One" of the complaint, is that there is simply no basis whatsoever to support defendant's expressed belief that defendant is the rightful owner of the intellectual property (the "Master IP") that plaintiff created and licensed for use by the now-defunct partnership ("Baby IQ Language") that existed between and among plaintiff, defendant, and defendant's sister-in-law.

Nor is there any basis to support defendant's belief that defendant is the rightful owner of the intellectual

property (including some of both the "Master IP" and the "Other IP") that plaintiff created at or around the time that plaintiff and defendant were engaged in an overlapping business venture to produce a French-language digital video disk (the "French DVD") -- which disk was to be patterned along the same creative lines as the Chinese DVD, see Complaint at ¶ 15.

Furthermore, what plaintiff attempted to articulate in "Claim One" of the complaint, about defendant's threat of litigation to retrieve the DVD Master and other materials from plaintiff's possession, is that the very threat of litigation (and defendant's implicit if not expressed claim of right to some or all of the Master IP and Other IP), put plaintiff on actual notice that she could no longer provide any warranty of exclusivity to future licensees or assignees of the Master IP, or contested parts of the Other IP, until such time as defendant could be made (or compelled) to agree that defendant was not the owner of any of the Master IP or Other IP.

Absent a negotiated and legally-binding waiver by defendant of her claim of right to the Master IP or

unspecified parts of the Other IP, plaintiff's hands were tied.

Plaintiff could wait to be sued by defendant, as threatened by defendant's attorney, see Complaint at Exs. E & F, at which time plaintiff could raise as defenses the same factual and legal arguments mustered in support of her within action for declaratory relief.

Or plaintiff could elect to bring a declaratory judgment action to try to expedite resolution of the matter in an appropriate forum.

Unfortunately, defendant's likely choice of venue for the threatened lawsuit to "retrieve" the DVD Master was not New York, where plaintiff resides, but Pennsylvania, where both defendant and her attorney are apparently resident. See Complaint at ¶ 2 (defendant's residence in Pennsylvania) & Exs. E & F (defendant's attorney, Jan Lokuta, shown to be licensed in Pennyslvania, but not New York).

Thus, if plaintiff failed to bring suit on her own in her preferred choice of forum, the Southern District of New

York (where plaintiff lives and where her attorney is licensed to practice law), she would have exposed herself to a substantial risk of becoming a defendant in a lawsuit in Pennsylvania (where she does not live, where her attorney is not licensed to practice law, and where defendant would have the proverbial "home field advantage"). See Complaint at ¶ 1 & footnote on p. 1.

Moreover, as soon as the threat of litigation under claim of right to the Master IP and Other IP was made by defendant, plaintiff was patently aware of an apparent dispute over her rights to and interests in the Master IP and Other IP. See Complaint at ¶ 13. Given such actual knowledge of a dispute, a cloud over title to plaintiff's intellectual property was created.

In sum, the Court has misconstrued the very core of "Claim One" of plaintiff's complaint, and its accompanying demand for relief: What matters <u>legally</u> to plaintiff is not whether defendant has the current ability to infringe on the Master IP and Other IP, which goes to the second prong of the Second Circuit's two=prong test of whether an "actual controversy" warranting declaratory relief exists. See Memorandum & Order at 21-22. Rather, plaintiff's <u>legal</u>

concern is that defendant has claimed a present interest and intent to use plaintiff's Master IP and some of the Other IP in the future, in derogation of plaintiff's exclusive copyright interests.

Thus, the second prong of the Second Circuit's two-prong test is satisfied here not by the fact that defendant possessed the "apparent ability to commence use" of infringing material. See Memorandum & Order, at 22 (quoting from Cosa Instrument Corp. v. Hobre Instruments BV, ___ F. Supp. 2d ___, 2010 U.S. Dist. LEXIS 29258, *11 (E.D.N.Y. Mar. 26, 2010) (internal quotations omitted).

Instead, it was defendant's attorney-assisted act of laying unjustified claim to plaintiff's Master IP and Other IP that satisfied the requirement that there be an actual adversarial relationship between plaintiff and defendant for a declaratory judgment to issue. See Cosa Instrument, ___ F. Supp. 2d at ___, 2010 U.S. Dist. LEXIS 29258, *9.

In short, this Court should excise from the Memorandum & Order all discussion to the effect that plaintiff seeks to be declared the sole and exclusive owner of the DVD Master of the Chinese DVD, see, e.g., Memorandum & Order at

1 lines 4-5, 15 line 4, 29 lines 10-22, and 30 lines 1-6, inasmuch as neither plaintiff nor defendant have presented this to the Court as an adversarial issue to be decided in the current lawsuit, but rather only recite it as factual background to the central <u>legal</u> issue involved in this case (<u>i.e.</u>, the fact that defendant's demand for access to the DVD Master and other unspecified tangible embodiments of plaintiff's intellectual property relating to the so-called "French DVD" implied that defendant was claiming the right to use the Master IP and some of the Other IP for her own purposes, <u>see</u> <u>Above the Belt</u>, 99 F.R.D. at 101 (motion for reconsideration appropriate remedy where court makes a decision outside the adversarial issues presented by the parties to the court)).[1]

---

[1]   To be sure, plaintiff admittedly seeks in "Claim Two" of the complaint a declaratory judgment to the effect that <u>defendant</u> "has no right or entitlement to use" the DVD Master for any purpose. <u>See</u> Complaint, wherefore clause at p. 14. But the Court should not misconstrue this demand as a request that <u>plaintiff</u> be declared the sole and exclusive owner of the DVD Master. Rather, it is plaintiff's contention that the DVD Master, and any overall copyright to the DVD Master, belongs to <u>neither</u> plaintiff nor defendant, individually, but rather to the now-defunct Baby IQ Language partnership. <u>See</u> <u>also</u> Complaint at ¶ 12 (nature and full extent of plaintiff's transfer of intellectual property to defendant consists of "a certain non-exclusive, non-perpetual, oral or implied-at-law license that was necessary to wind up" the Baby IQ Language partnership's affairs).

Memorandum of Law in Support of Motion - June 30, 2008 - Page 10

In addition, the Court should correct that part of the Memorandum & Order that fails to take into account that having the "apparent ability to commence use" of allegedly infringing material is not the only way that the second prong of the Second Circuit's "actual controversy" test can be satisfied. See, e.g., Memorandum & Order, at 22 lines 6-10, 25 lines 10-15, 26, 27, 28, and 29 lines 1-9.

### 2. Misapprehended Attorney Fee Case Law

The Court has also misapprehended -- and prematurely so -- the controlling force of various decisions cited as governing plaintiff's demand for attorney fees, made originally in the complaint, and reiterated in plaintiff's motion for summary judgment. See generally Memorandum & Order, at 48-49.

Plaintiff does not take exception to that portion of the Memorandum & Order that states that "Plaintiff is ineligible for an award of attorneys' fees because she has not yet prevailed in this matter." See Memorandum & Order at 47. Based on the current procedural posture of this matter, plaintiff clearly has not "prevailed."

But the Court then goes on to state, in what amounts to very troublesome obiter dicta: "Plaintiff's fee application also fails for a separate reason. Courts have held that pro se litigants are not entitled to statutory attorneys' fee awards for prevailing parties, even when the pro se litigants are attorneys." See Memorandum & Order at 48.

Plaintiff respectfully submits that the Court has misapprehended the import and applicability of the five cases cited in support of this legal proposition, and further contends that each of the five cited cases stands only for the legal proposition that a pro se litigant is not entitled to attorney fees for his or her own efforts expended in prosecuting or defending a case. See Memorandum & Order at 48-49 (citing Kay v. Ehrler, 499 U.S. 432, 437 (1991), SEC v. Price Waterhouse, 41 F.3d 805, 808 (2d Cir. 1994), Kuzma v. U.S. Postal Serv., 725 F.2d 16, 17 (2d Cir. 1984), Granger v. Gill Abstract Corp., 566 F. Supp. 2d 323, 332 (S.D.N.Y. 2008), and Wilson v. Brennan, 666 F. Supp. 2d 1242, 1263 (D.N.M. 2009)).

However, this is not the same thing as saying that an otherwise pro se litigant who has incurred actual out-of-

pocket expenses for the advice and counsel of a non-appearing attorney (e.g., in connection with the preparation of a complaint and other litigation papers, and written discovery, and in connection with preparations for an audiotaped "layperson" deposition of defendant), is not eligible for a discretionary award of reasonable attorney fees pursuant to the Copyright Act.  See 17 U.S.C. § 503 (providing for a discretionary award of reasonable attorney's fees to the prevailing party in any civil action under the Copyright Act).

After all, is it not true that a prevailing "represented" plaintiff is eligible under the Copyright Act for reimbursement of actual attorney fees for work done by his or her lawyer in drafting a complaint, even prior to that same lawyer making an actual appearance in the court where the case is to be heard? And is it not the customary practice to permit reimbursement of attorney's fees paid for the services of non-appearing consulting counsel in a particular case?  Why then not also permit a plaintiff who ultimately elects to proceed pro se in a Copryight Act-based declaratory judgment action to be compensated for actual out-of-pocket attorney's fees incurred in the drafting of a complaint, or in gaining competent outside

professional legal advice from an attorney who never makes an appearance in the matter?

If anything, the Court's "premature" one-paragraph discussion of the Second Circuit and other case law informing other courts' denial of attorney fees to pro se litigants, see Memorandum & Order, at 48 lines 4-18, 49 lines 1-11, should be deleted from the Memorandum & Order, and the legal issue of eligibility of a pro se litigant for a reasonable attorney's fee award addressed at a more appropriate time (e.g., when a final judgment of the Court is entered disposing of all of plaintiff's claims).

To fail to strike this one paragraph of dicta from the Memorandum & Order would create the potential for later judicial (appellate) confusion to the effect that the dicta in question represented the "law of the case." See Divane, 194 F.3d at 850 (supporting the view that one reason to entertain a motion for reconsideration is to permit a party to avoid needless appellate practice burdens).

Moreover, it is not plaintiff's intention to "run up" a huge contingency fee attorney bill, on the off chance that plaintiff will "prevail," thus facilitating a post-

judgment claim for a discretionary award of attorney's fees that "sticks it" to the defendant.

Indeed, it must be remembered that it was not a threat from plaintiff to defendant that set the litigation ball rolling in this case.  Rather, it was the fact that defendant's attorney on two occasions threatened to sue plaintiff, see Complaint, Exs. E & F (demand letters of Jan Lokuta, Esq.), thus forcing plaintiff to take affirmative action to protect her rights in the forum of her choosing, rather than a forum of defendant's choosing.[2]

---

[2]   It should be noted that this Court has also indicated that Rhodes v. Stewart, 488 U.S. 1, 4 (1988) may preclude plaintiff from qualifying "as a prevailing party by obtaining solely declaratory relief." See Memorandum & Order at 48, n.19.  Inasmuch as this issue was not decided in connection with the motion for summary judgment, plaintiff will wait to brief the Court on why her procedural posture and theory-of-the-case leave her eligible for an award of attorney fees "as a prevailing party by obtaining solely declaratory relief," even though the two plaintiff-respondents in Rhodes (one of whom was deceased, and the other of whom had already been released from state custody when the declaratory judgment against the state was issued) were denied such an award. See id.

**CONCLUSION**

For the foregoing reasons, the Court should: (1) grant plaintiff's motion for reconsideration of the terms of the Memorandum & Order of June 21, 2010; (2) correct those portions of the Memorandum & Order that state, or are predicated on, the erroneous view that plaintiff has sought a declaratory judgment that she is the exclusive owner of the Chinese DVD and Master DVD; (3) correct that portion of the Memorandum & Order that suggests that defendant must have had an "apparent ability to commence use" of the Master IP or the Other IP in order to warrant declaratory relief; and (4) delete from the "Memorandum & Order" the entire one-paragraph discussion of the legal grounds for denying attorney fees to plaintiff.

**I declare under penalty of perjury that the foregoing is true and correct to the best of my present knowledge.**

Signed at New York, New York on this 30th day of June 2010.

                                                KAREN JEANETTE HUURMAN
                                                Plaintiff Pro Se

June 30, 2010

Pro Se Office
U.S. District Court
Southern District of New York
500 Pearl Street, Room 230
New York, NY 10007
(212) 805-0175

**Re: Huurman v. Foster, No. 07 Civ. 9326 (LBS) (MHD)**

I am the pro se plaintiff in the above-referenced action.

Pursuant to Fed. R. Civ. Proc. 59(e), Local Civ. R. 6.3, and the Individual Practices of Magistrate Judge Michael H. Dolinger, please file or receive the signed originals of the following enclosed documents, and forward the enclosed "courtesy copies" of same, and of this cover letter, to Judge Dolinger's chambers:

- Notice of Motion for Reconsideration [etc.] (dated June 30, 2010)
- Memorandum of Matters and Controlling Decisions [etc.] (dated June 30, 2010)
- Memorandum of Law in Support of Plaintiff's Motion [etc.] (dated June 30, 2010)

An additional copy of these documents, to be stamped filed or received by the Court, and returned to me, is also enclosed. (My affirmation of service of these documents on defendant is annexed to the Notice of Motion.)

In addition, please kindly provide me with a photocopy of the letter to the Court from defendant Emrie Brooke Foster, dated October 7, 2008, which the Court has treated as tantamount to an opposition to my motion for summary judgment in the within action, as I do not have a copy of this letter.

Sincerely,

Karen J. Huurman
133 Mulberry Street #6W1
New York, NY 10013
212-941-0224 (Studio)
karen@kajed.com (Email)

Enclosures

cc:   Emrie Brooke Foster
      P.O. Box 1227
      Milford, PA 18337

## AFFIRMATION OF SERVICE OF
## MOTION PAPERS FOR MOTION FOR RECONSIDERATION

I, Karen Jeanette Huurman, **declare under penalty of perjury** that I served a copy of the attached "Notice of Motion for Reconsideration of Memorandum & Order Governing Plaintiff's Motion for Summary Judgment" and accompanying "Memorandum of Matters and Controlling Decisions Which Plaintiff Believes the Court Has Overlooked," and "Memorandum of Law in Support of Plaintiff's Motion for Reconsideration," all dated June 30, 2010, upon defendant pro se Emrie Brooke Foster, whose last known U.S. Postal Service mailing address is **P.O. Box 1227, Milford, Pennsylvania 18337**, by mailing said documents, via U.S. mail, to that address, with sufficient postage pre-paid.

Dated:    New York, New York
          June 30, 2010

                                    _____
                                    KAREN JEANETTE HUURMAN
                                    Plaintiff Pro Se
                                    133 Mulberry Street #6W1
                                    New York, New York 10013
                                    212-941-0224